

U.S. Department of Justice

Environment and Natural Resources Division

90-1-24-03515

*Law and Policy Section*  *Telephone (202) 305-0404*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC  20044-7415*

**<u>Via Electronic Case Filing</u>**

February 15, 2013

Clerk of Court
United States District Court for the Eastern
    District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market St.
Philadelphia, PA 18501

      Re:    *Beaumont Retirement Community, Inc. v. Lower Merion School District et al.*,
            Case No.: 2:10-cv-3215 (E.D. Pa.)

Dear Clerk of the Court:

On January 3, 2013, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent decree in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3).  This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.

In its review, the United States seeks to ensure that the proposed consent decree complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525-26 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit requirements, the proposed consent decree should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project payment sufficient to deter future violations, or combinations of the above.

In this case, the proposed consent decree provides injunctive relief as described in Sections IV and V. First, defendant Lower Merion School District ("LMSD") must implement temporary post-construction stormwater management measures (specified in Appendix 3 to the consent decree) including inlet protection, sweeping of paved surfaces, compost logs, and maintenance of topsoil to control erosion and sedimentation while permanent measures are constructed. Second, LMSD must construct facilities and improvements relating to stormwater management as specified in Appendix 2 to the consent decree, and then operate and maintain the post-construction stormwater management measures specified in Appendix 2, which are required by the Harriton National Pollution Discharge Elimination System ("NPDES") General Permit (at Appendix 5, Tab B). These requirements will continue in perpetuity, as they survive termination of the consent decree. Third, LMSD and defendant Boro Developers, Inc. must comply with all requirements of the Harriton NPDES Permit, as determined by the Inspector provided for in Appendix 3 to the consent decree.

The United States has no objection to the entry of the proposed consent decree. We accordingly notify the Court of that fact. The United States affirms for the record that it is not bound by this settlement. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.*, 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3), confirming that the United States is not bound by settlements when it is not a party). The United States also notes that, if the parties subsequently propose to modify any final consent decree entered in this case, the parties should so notify the United States, and provide a copy of the proposed modifications, forty-five days before the Court enters any such modifications. *See* 33 U.S.C. §1365(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 305-0404 if you have any questions.

Sincerely,

/s/ **Meredith L. Flax**
Meredith L. Flax, Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Law and Policy Section
P.O. Box 7415, Ben Franklin Station
Washington, D.C. 20044-7415